UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIANA WALSH,<br><br>     *Plaintiff*,<br><br>-against-<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>     *Defendant*. | **Case No. 1:25-cv-00185**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant Experian Information Solutions, Inc., (hereafter "Experian") for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Adriana Wash is an adult individual who resided at all relevant times New York City, NY.

5. Defendant Experian Information Solutions, Inc., (hereafter "Experian") is a consumer reporting agency that has a principal place of business located at 475 Anton Blvd, Costa Mesa, CA 92626.

## FACTUAL ALLEGATIONS

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties from at least May 2023 to the present.

7. The inaccurate information on Plaintiff's credit reports includes, but is not limited to, NelNet, Inc. account balances (hereafter the "inaccurate information").

8. The inaccurate information negatively reflects upon the Plaintiff, the Plaintiff's credit history, the Plaintiff's debt to income ratio, the Plaintiff's financial responsibility as a debtor and the Plaintiff's credit worthiness.

9. The inaccurate information consists of the reporting of both NelNet and Higher Education Loan Authority of the State of Missouri (hereafter "Mohela") accounts after Plaintiff's loan servicer was switched from NelNet to Mohela, resulting in a duplicate balance being reported.

10. Defendant reported duplicate account balances with both NelNet and Mohela.

11. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown from at least May 2023 to the present.

12. Plaintiff's credit reports and file have been obtained from Defendant and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from Defendant by such third parties from at least May 2023 to the present.

13. As a result of Defendant's conduct, Plaintiff has suffered damages in the form of harm to credit reputation, credit defamation and emotional distress.

14. On numerous occasions, Plaintiff has disputed the inaccurate information by following Defendant's established procedures for disputing consumer credit information since at least in or around May 2023.

15. Notwithstanding Plaintiff's efforts, Defendant failed to conduct a proper reinvestigation of the inaccurate information, failed to correct the inaccurate information and in fact verified the inaccurate information.

16. At all times pertinent hereto, the conduct of the Defendant was reckless and in grossly negligent disregard for federal rights of the Plaintiff herein.

## COUNT I – EXPERIAN
## VIOLATIONS OF THE FCRA

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

19. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

21. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681i.

22. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual,

and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

23. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Dated: January 8, 2025

*/s/ Adam G. Singer*
Adam G. Singer
**LAW OFFICE OF ADAM G. SINGER, PLLC**
60 E. 42nd Street, Suite 4600
New York, NY 10165
asinger@adamsingerlaw.com
212.842.2428

*/s/ Joseph L. Gentilcore*
*Joseph L. Gentilcore
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
jgentilcore@consumerlawfirm.com
215.735.8600

*Application for admission Pro hac vice forthcoming

*Counsel for Plaintiff, Adriana Walsh*